US DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTT E. TROUT, D.D.S., individually and as class representative of all those similarly situated, | **Complaint – Class Action** |
| Plaintiffs, | |
| v. | Case No. |
| CREDIT BUREAU COLLECTION SERVICES, INC., | |
| Defendant. | 1:11-cv-0733 JMS DKL |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is a class action for statutory damages and other relief based on Defendant's, Credit Bureau Collection Services, Inc.'s, violations of the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). These claims are brought by Scott E. Trout, D.D.S., individually and as class representative of all those similarly situated, and against the Defendant in connection with its efforts at collecting debts. On behalf of himself and all others similarly situated, Dr. Trout seeks statutorily provided damages, costs and attorneys' fees.

### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 because the controversy raises only a federal question, and the claims are brought as a class action under Federal R. Civ. P. 23.

2. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(c) because the Defendant, a foreign corporation, conducts business in Indiana and Plaintiff resides in Muncie, Delaware County, Indiana, which is in the Southern District. Venue is also

proper pursuant 28 U.S.C. § 1391(b)(2) because the unlawful conduct that gave rise to Plaintiffs' claims occurred within this judicial district.

## PARTIES

3. Plaintiff, Dr. Scott E. Trout, D.D.S., is an individual residing in Muncie, Indiana. ("Dr. Trout" or "Class Representative").

4. Defendant, Credit Bureau Collection Services, Inc. ("CBCS"), is an Ohio Corporation with its principal place of business in Columbus, Ohio which is, *inter alia*, engaged in collecting consumer debts in this state.

5. CBCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. CBCS is a debt collector as defined by the FDCPA.

## GENERAL ALLEGATIONS

7. Dr. Trout received medical services from River View Surgery Center ("River View") on or about 3/27/2009.

8. River View's services were rendered to Dr. Trout for personal, family or household purposes

9. Sometime after River View performed the medical services for Dr. Trout, Dr. Trout's account was assigned to CBCS for collection.

10. On or about June 13, 2009, before he received any communication from CBCS, Dr. Trout paid River View One Thousand Seven Hundred and 00/100 Dollars ($1,700.00) by check number 3207, noting that the payment constituted payment in full ("Check"). The Check was deposited by River View on or about June 19, 2009. A true and accurate copy of the Check is attached hereto as Exhibit "A."

11. On or about June 16, 2010, over one year later, Dr. Trout received a letter demanding payment of Five Hundred Ten 00/100 Dollars on Dr. Trout's account with River View ("Collection Letter 1"). A True and accurate copy of Collection Letter 1 is attached hereto as Exhibit "B."

12. On or about July 30, 2010, Dr. Trout received another letter demanding payment of Five Hundred Ten 00/100 Dollars on Dr. Trout's account with River View ("Collection Letter 2"). A True and accurate copy of Collection Letter 2 is attached hereto as Exhibit "C."

13. The alleged balance due was entirely an undisclosed collection fee, consisting of thirty percent (30%) of the One Thousand Seven Hundred and 00/100 Dollars ($1,700.00) already paid by Dr. Trout to River View.

14. It is the regular business practice of CBCS, when collecting debts on accounts transferred from River View and, upon information and belief, other creditors represented by CBCS, to assess collection fees based solely upon CBCS' charges to its clients.

## CLASS ACTION ALLEGATIONS

15. Dr. Trout brings this action on his own behalf, individually, and in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure as Class Representative on behalf of all similarly situated persons charged collection fees by CBCS based solely upon CBCS' charges to its clients, with the class defined as follows:

> All persons to whom Credit Bureau Collection Services, Inc. sent a collection notice or against whom it undertook collection efforts, whereby a collection fee based solely upon CBCS' charges to its clients was added to the balance due and/or paid without benefit of court order or judgment by said person, at any time within one (1) year of the filing of this suit.

16. The class that the Class Representative seeks to represent is so numerous that joinder of all members is impractical in that, upon information and belief, there are thousands of persons from whom CBCS sought collection fees as alleged herein.

17. There are questions of fact and law common to the class that predominate over any questions affecting only individual class members:

   a. Did CBCS engage in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiffs in contravention of 15 U.S.C. § 1692d?

   b. Did CBCS use false, deceptive, or misleading representations or means in connection with the collect of the subject debt in contravention of 15 U.S.C. § 1692e?

   c. Did CBCS falsely represent the character, nature, and amount of the alleged debt in contravention of 15 U.S.C. § 1692e(2)(A)?

   d. Did CBCS falsely represent the services rendered or compensation which may be lawfully received by it for the collection of the alleged debt in contravention of 15 U.S.C. § 1692e(2)(B)?

   e. Did CBCS threaten to take, or actually take, action that cannot or could not legally be taken in contravention of 15 U.S.C. § 1692e(5)?

   f. Did CBCS use false representations or deceptive means to collect or attempt to collect the alleged debt in contravention of 15 U.S.C. § 1692e(10)?

   g. Did CBCS use unfair or unconscionable means to collect or attempt to collect the subject debt in contravention of 15 U.S.C. § 1692f?

   h. Did CBCS attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amounts were not expressly permitted by law or the agreement giving rise to the alleged debt, and in fact were prohibited by statute, rule, or custom, or all in contravention of 15 U.S.C. § 1692f(1).

4

18. The Class Representative will fairly and adequately represent the interests of all class members. Moreover, the Class Representative has selected counsel experienced in class actions of this type and other complex litigation.

19. The nature of each class member's claim is identical; CBCS has and continues to collect undisclosed collection fees and charged and continues to demand fees from consumers based upon CBCS' agreement with its clients.

20. Class Representative will fairly and adequately represent and protect the interests of the Class, and has no interests that are antagonistic to or in conflict with those he seeks to represent.

21. In view of the expense that an individual plaintiff would incur if he or she attempted to obtain relief from CBCS, in comparison to the award an individual plaintiff could receive, the separate claims of individual Class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of in this Complaint.

22. The Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual litigation. Absent a class action, class members will continue to suffer losses, CBCS' violations of law will be allowed to proceed without a full, fair, judicially supervised remedy, and CBCS will retain sums received as a result of its wrongdoing. A class action, therefore, provides a fair and efficient method for adjudicating this controversy.

23. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications with respect to thousands of individual Class members, which would, as a practical matter, dispose of the interests of the Class members not

parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

## COUNT 1 – FDCPA CLAIM

24. CBCS' attempt to collect non-disclosed collection fees violates the FDCPA.

25. CBCS' attempt to collect, from consumers, collection fees based upon its agreement with its clients violates the FDCPA.

26. Dr. Trout, and class members, are entitled to damages and attorneys' fees for CBCS' violation of the FDCPA pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, Scott E. Trout, D.D.S., individually and as class representative of all those similarly situated, demands judgment in his favor and in favor of the Class as follows:

1. Certifying this action as a class action and designating Dr. Trout as Class Representative and undersigned counsel as class counsel;

2. Awarding Dr. Trout and the Class statutory damages, including pre-judgment and port-judgment interest as described in 15 USC § 1982k(2)(B);

3. Awarding each class member any actual damage sustained by such person as a result of Defendant's failure to comply with the law by collecting from any class member (without benefit of judgment or court order) fees based upon CBCS' agreement with its client;

4. Temporarily and permanently enjoining CBCS' practices as complained of here and a declaration that same are unlawful;

5. Award to Dr. Trout and the Class the court costs of this action, their expenses, costs and reasonable attorneys' fees; and

6. Granting such other relief as the Court deems just and proper in the premises.

Respectfully Submitted,

**STEWART & IRWIN, P.C.**

By _____
Donn H. Wray (Attorney #1643-49)

By _____
Raymond J. Biederman (Attorney #28467-49)

251 East Ohio Street
Suite 1100
Indianapolis, Indiana 46204
Phone: (317) 639-5454
Fax: (317) 632-1319

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

By _____
Donn H. Wray